■ In the Matter of LAVETTE M., a Person Alleged to be in Need of Supervision, Appellant.— Order, Family Court of the State of New York, Bronx County, entered on January 21, 1974, affirmed, without costs and without disbursements. Concur — Steuer and Lane, JJ.; Kupferman, J. P., concurs in a memorandum, and Murphy and Capozzoli, JJ., dissent in a memorandum by Murphy, J., as follows: Kupferman, J. P. (concurring). This case is a follow-up to the determination in *Matter of Ellery C.* (32 N Y 2d 588, 592) which stated that "persons in need of supervision may not validly be placed in a State training school". The New York State Division for Youth has filed an *amicus* brief to detail how the directives of the New York State Court of Appeals have been complied with following that decision. Counsel for the alleged PINS child, the appellant, who is now 14 years of age, has filed motions to strike the *amicus* brief and those references in the brief of respondent which attempt to show that PINS children are kept separate from juvenile delinquents, which motions we have denied. The dissent avoids the main issue as to the type of facility that should be involved and how we are to make that determination, and instead opts for a new hearing on the question of violation of an order of probation. With due sensibility for the nature of the situation, the dissent refers to the allegations of the petition as to violations with the use of the words "*inter alia*", which cover such allegations as the mother finding the appellant in bed with an adult male, and when remonstrated with, the appellant kicking her mother in the stomach. Another hearing will not really help to solve that problem. There is no reasonable doubt that the PINS adjudication itself was proper. (Matter of *Iris R.*, 33 N Y 2d 987.) More to the point would be a reference to the Office of Children's Services of the Judicial Conference of the State of New York, which was created as a special project of the Administrative Board, opened on June 1, 1972. See Judicial Notice (vol. I, No. 2, p. 1 [Oct., 1972]), a newsletter from the Office of the State Administrator, announcing the appointment of Elizabeth T. Schack as director. In November, 1973, the Office of Children's Services submitted an 82-page report with appendices entitled "The PINS Child, A Plethora of Problems". We can thus determine whether the New York State Training Schools, as they are now presently constituted, can handle PINS children. The Office of Children's Services can file an *amicus* brief in order properly to advise us. Now they can still do it for the Court of Appeals. Murphy, J. (dissenting). Appellant, now 14 years of age, was adjudged a person in need of supervision on application of her mother who complained of her complete inability to control Lavette. After a dispositional hearing, Lavette was placed on probation for one year upon condition that she obey her mother and attend school and a Salvation Army counselling program. On October 4, 1973, within three months thereafter, Lavette's mother filed a petition alleging that Lavette had violated the conditions of probation by, *inter alia*, leaving home for a period of three days. Lavette admitted such allegation and, on October 29, 1973, the Family Court revoked probation and appellant was continued on remand at Callagy Hall, a shelter operated by the Commissioner of Social Services, pending exploration of placement. On December 6, 1973, after a dispositional hearing, Lavette was again placed on probation on condition that she accept placement at a Division For Youth, Title II, voluntary group home at South Lansing. After one day, Lavette refused to stay at said facility. Some six days later, her probation officer filed the petition alleging violation of proba-

tion which led to the order on appeal. Although it appears from the original record before us that a hearing on the issue of probation violation was commenced, such hearing was never concluded. Instead, a dispositional hearing was held on the basis of the October 29 violation of probation and not because of Lavette's refusal to attend the South Lansing group home. In such connection, Lavette's uncontradicted testimony at the dispositional hearing was to the effect that when she was sent to South Lansing she was given the privilege of advancing her next court date if she found such placement unsatisfactory; and that she was prevented from apprising her Law Guardian of such fact. In view of the foregoing, Lavette was deprived of her constitutional and statutory right to a hearing as to whether or not she had, in fact, violated the newly imposed conditions of the second, and wholly unrelated, order of probation. (Family Ct. Act, § 779; *People ex rel. Silbert* v. *Cohen,* 29 N Y 2d 12.) Accordingly, the order appealed should be reversed and the matter remitted to the Family Court for a probation violation hearing; and for a determination, in the event a violation is found, of suitable placement for appellant. (*Matter of Ellery C.,* 32 N Y 2d 588; see, also, *Matter of Maurice C.* 44 A D 2d 114.)